SUPERIOR COURT
of the
State of Delaware

William L. Witham, Jr.
*Resident Judge*

Kent County Courthouse
38 The Green
Dover, Delaware 19901
Telephone (302) 739-5332

February 19, 2021

Zachary A. George, Esquire
Hudson Jones Jaywork & Fisher LLC
225 South State Street
Dover, Delaware 19901

Mr. Chris Doughty
Ms. Pamela Doughty
2735 Heath Road
Macon, Georgia 31206

Re:  *Doughty-McKenna Family Trust v. Chris & Pamela Doughty*
C.A. No. K20C-07-007 WLW

Dear Mr. George and Mr. & Mrs. Chris Doughty:

Before the Court is Petitioner Doughty-McKenna Family Trust's (hereafter "the Trust") Moton to Strike Affidavit and for Order Recognizing Averments Deemed Admitted (hereafter "the Motion"). On September 15, 2020, *pro se* Respondents Chris Doughty and Pamela Doughty filed a response to the Amended Complaint which required Respondents to answer by affidavit pursuant to 10 Del. C. § 3901. A Motion for Default Judgment was filed by the Trust due to the fact that Respondent Pamela Doughty failed to file an affidavit of defense with the response pertaining to Count IV of the Amended Complaint. The motion was answered, and a hearing was held via video conference on October 14, 2020. As a result of the hearing, this Court did not enter a default due in part to the complicated family issues presented but deemed the allegations with respect to Count IV to be admitted as an alternative in its discretion. The Court also extended the time in which Respondent Pamela Doughty could file an affidavit of defense for 30 days.

An affidavit of defense was filed on November 16, 2020 which was past the deadline of November 13, 2020 set by the Court.

This is a disconcerting and an unfortunate long-term family dispute with little hope for an amenable resolution short of a trial. The Court advised the parties to engage in mediation which has proven to not be possible.[1] I must advise the parties, particularly the *pro se* Respondents, that the only matters before the Court are the allegations set forth in the Amended Complaint, nothing else. I agree with the Trust that this case, in its present form, is limited in scope. In examining the facts so far, the dispute for Count IV revolves around a contractual arrangement calling for the transfer of a John Deere 1575 Commercial Front Mower from Respondent Pamela Doughty to the Trust upon the Trust's satisfaction of the finance agreement made with John Deere and Atlantic Tractor.[2] The Trust alleges that Respondent Pamela Doughty "physically removed … the mower" without permission from the Trust.[3]

The Respondents, in their belated Affidavit of Defense, dispute the demand for $25,608.28 for the breach of contract and claim it was originally purchased by Respondent Pamela Doughty. In a narrative fashion it related the history of this issue as well as a lengthy history of many disputes with the Trust, the Trustee of the Trust, Graeme Doughty, and family conflicts.

The Affidavit is notarized but does not address each specific allegation in Count IV of the Amended Complaint, nor does it state that the Respondent Pamela Doughty has a legal defense to the action, has read the motion, and believes the facts stated in it to be true. In effect, it is deficient.

The Affidavit sets forth matters which are not relevant to what is required and may be barred under the parol evidence rule.[4] The agreement appears to be a fully integrated contract.

---

[1] Letter of Counsel for Petitioner dated Jan. 20, 2021, Trans. ID 662952284.
[2] Pet.'s Comp. Ex. B.
[3] Pet.'s Comp. Para. 13.
[4] Williston on Contracts §33.1 (4th Ed.) (The parol evidence rule seeks to achieve the related goal of insuring that the contracting parties … will not vary the terms of their written undertaking, thereby reducing the potential for litigation.)

Default judgments can be granted for a failure to provide an affidavit of defense with the answer. When the Court hears motions for default judgment, the Court has "discretion on deciding whether to enter a default judgment."[5] An Affidavit of Defense is a requirement of 10 Del. C. § 3901 which states:

> In all actions upon bills, notes, bonds or other instruments of writing for payment of money or for the recovery of book accounts, on foreign judgments, and in all actions of scire facias on recognizances, judgments or mortgages, the plaintiff may specifically require the defendant or defendants to answer any or all allegations of the complaint by an affidavit setting forth the specific nature and character of any defense and the factual basis therefor, by the specific notion upon the fact of the complaint that those allegations must be answered by affidavit.[6]

The affidavit need not be a repeat of the Respondent's answer, but it does need to be an affirmation of the Respondent that "she has a legal defense to the action" and that she has read the motion and believes that the facts stated in it to be true.[7] The idea here is to only permit trial in such cases where a respondent is willing to swear that she has a valid, just, and legal defense to the action. The Affidavit fails to specify which allegations are true and to which ones the Respondent Pamela Doughty has a legal defense.

As stated in *Wilmington Savings Fund Society, FSB v. Brown Shiels & O'Brien, LLC, et al.,* 2013 WL 5786998 (Del. Super. 2013), Courts have been consistent in giving strict interpretation of the requirement of the statute permitting judgment on affidavits of demand.

Here, the Trust has met the requirements of 10 Del. C. § 3901. The Amended Complaint attaches the written contract described in Court IV with the required

---

[5] *In Re Cartee, Inc.,* 1997 WL 529589 at *1; citing. *C. Miller v. Master Home Bldrs. Co.,* 239 A2nd 696 at 697 (Del. Super. 1968).
[6] 10 Del. C. § 3901(a).
[7] *General Motors Acceptance Corp. v. Moore,* 1981 WL 377657 at *1 (Del. Super. 1997).

demand for an answer by affidavit pursuant to 10 Del. C. § 3901. Respondents are late with their proffered affidavit after the Court granted them an opportunity to file one.

Wherefore, for the foregoing reasons, the Trust's Motion to Strike is ***granted*** and the averments in Count IV of the Amended Complaint are admitted.

IT IS SO ORDERED.

/s/ *William L. Witham, Jr.*
Resident Judge

WLW/dmh